UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH LAUFER,

                                     Plaintiff,                      8:22-cv-53 (BKS/ML)

v.

7 HILLS HOTEL, LLC,

                                       Defendant.
_____

**Appearances:**

*For Plaintiff:*
Tristan Wade Gillespie
Thomas B. Bacon, P.A.
600 Blakenham Court
Johns Creek, GA 30022

*For Defendant:*
Justin R. Meyer
Stafford, Owens, Murnane, Kelleher, Miller, Meyer & Zedick, PLLC
One Cumberland Avenue
Plattsburgh, NY 12901

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff Deborah Laufer, a Florida resident and an individual with a disability, originally brought this action against Defendant 7 Hills Hotel, LLC asserting claims under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq. and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296(2)(a). (Dkt. No. 1). Plaintiff alleges that Defendant owns a hotel known as Americas Best Value Inn, that is obligated to comply with the requirements of 28 C.F.R. § 36.302(e), and that Defendant maintains an online reservation

1

system that fails to meet these requirements. (*Id.* ¶ 3, 9, 11, 14). Plaintiff now moves for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Dkt. No. 22). Defendant does not oppose dismissal of this action, but requests that the Court dismiss with prejudice, declare Plaintiff a vexatious litigant as this is the second action Plaintiff has filed against it, and impose costs and reasonable attorney's fees. (Dkt. Nos. 23, 26). For the following reasons, Plaintiff's motion is granted and Defendant's requests are denied.

## II.    PROCEDURAL HISTORY

Plaintiff previously sued Defendant, and more than sixty others, asserting each defendant's online reservation system violates the ADA and NYSHRL. *See* Complaint, *Laufer v. 7 Hills Hotel, LLC (Laufer v. 7 Hills Hotel I)*, No. 20-cv-00357 (N.D.N.Y. Mar. 30, 2020), ECF No. 1; *see also Laufer v. Laxmi & Sons, LLC (Laufer I)*, No. 1:19-cv-01501, 2021 WL 2525153, at *1, 2021 U.S. Dist, LEXIS 117554, at *1–2 (N.D.N.Y. June 14, 2021). On June 14, 2021, the Court dismissed, without prejudice, all of Plaintiff's pending actions, including *Laufer v. 7 Hills Hotel I*, finding that Plaintiff's ADA "tester" status was insufficient to show, and that Plaintiff had otherwise failed to allege, Article III standing. *Laufer I*, 2021 WL 2525153, at *8–9, 2021 U.S. Dist, LEXIS 117554, at *24–26. Plaintiff commenced the current action against Defendant on January 20, 2022. (Dkt. No. 1). While the factual allegations and legal claims in this case are nearly identical to those in *Laufer v. 7 Hills Hotel I*, Plaintiff has added allegations as to standing. (*See generally* Dkt. No. 1).

On April 27, 2022, United States Magistrate Judge Miroslav Lovric ordered that this case be referred to mandatory mediation. (Dkt. No. 14). Plaintiff, citing to the costs and time associated with interstate travel, moved to attend mediation via videoconference. (Dkt. No. 16, at 1). In response, Defendant offered to postpone mediation "so it can coincide with Plaintiff's travel plans" to the Northern District of New York. (Dkt. No. 17, ¶ 5). On May 19, 2022, the

Magistrate Judge denied the motion noting that the "the crux of Plaintiffs [sic] case involves [her] desire to travel to multiple areas located within the Northern District of New York," but that "the Court would entertain an extension of the mediation deadline" so that any mediation could coincide with Plaintiff's travel plans. (Dkt. No. 18).

According to Plaintiff, "[i]mmediately" after the Magistrate Judge denied her motion to attend the mediation remotely, Plaintiff's counsel "sought and obtained defense counsel's consent to dismiss this case." (Dkt. No. 22-1, at 1). However, on May 27, 2022, "Defense counsel demanded that Plaintiff pay . . . $500 to dismiss this case." (*Id.*). Plaintiff refused and on June 2, 2022, filed the present motion for voluntary dismissal, seeking dismissal without prejudice. (Dkt. No. 22). In its response, Defendant states that while it:

> certainly desires discontinuance of this action, based upon the pattern of the Plaintiff in initiating repeated filings, Defendant is reasonably concerned that upon the dismissal of this action, the Plaintiff will immediately or very soon, thereafter, commence another action seeking the same or similar relief against the Defendant based upon the same, or similar allegations.

(Dkt. No. 23, ¶ 11). For those reasons, Defendant seeks dismissal with prejudice as well as an order labeling Plaintiff a vexatious litigant and awarding nominal attorney's fees "to offset the attorney's fees incurred by Defendant in this action." (Dkt. No. 23, ¶¶ 9, 12).[1]

**III.    DISCUSSION**

      **A.    Voluntary Dismissal Under Rule 41(a)**

Federal Rule of Civil Procedure 41(a)(2) states that, absent exceptions not relevant here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that "[u]nless the order states otherwise, a dismissal under this paragraph

---

[1] Alternatively, Defendant requests the Court to "issue an order directing the Plaintiff to proceed with in-person mediation of the instant action." (Dkt. No. 26, at 2).

3

(2) is without prejudice." "The decision whether to grant a Rule 41(a)(2) motion for voluntary dismissal lies within the sound discretion of the court." *Fareportal Inc. v. Travana, Inc.*, No. 16-cv-09882, 2019 WL 4141878, at *2, 2019 U.S. Dist. LEXIS 148637, at *3 (S.D.N.Y. Aug. 30, 2019) (citing *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001)). While voluntary dismissal without prejudice is not a matter of right, "in this Circuit courts 'presume that a party's motion to dismiss its own claims without prejudice should be granted.'" *Parker v. Tougher Indus.*, No. 1:06-cv-0400, 2013 WL 316389, at *1, 2013 U.S. Dist. LEXIS 10680, at *5 (N.D.N.Y. Jan. 28, 2013) (first citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990); and then quoting *Staten Island Terminal, LLC v. Elberg*, No. 11-cv-3262, 2012 WL 1887126, at *2, 2012 U.S. Dist. LEXIS 72147, at *5 (E.D.N.Y. May 23, 2012)).

"Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). Dismissal without prejudice would be improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Id.* Under the second line of authority, courts consider the "*Zagano* factors" which include:

> (1) the plaintiff's diligence in bringing the motion, (2) any undue vexatiousness on the plaintiff's part, (3) the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial, (4) the duplicative expense of relitigation, and (5) the adequacy of the plaintiff's explanation for the need to dismiss.

*Id.* (citing *Zagano*, 900 F.2d at 14). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another is dispositive." *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

### 1.     Plain Legal Prejudice

Plain legal prejudice exists, and may preclude voluntary dismissal, when a defendant "is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have

4

dismissed" and the cause has proceeded so far that "[the defendant] would be prejudiced by being remitted to a separate action." *Camilli*, 436 F.3d at 124 (emphasis in original). However, it is a well-established principle that the mere prospect of a second lawsuit will not constitute plain legal prejudice. *See Kwan*, 634 F.3d at 230; *see also Empire United Lines Co. v. Presniakovas*, No. 15-cv-557, 2017 WL 4233032, at *3, 2017 U.S. Dist. LEXIS 155851, at *7 (E.D.N.Y. Sept. 22, 2017) (finding voluntary dismissal to be proper as the defendants made "no argument about prejudice aside from citing the possibility that they might be subject to duplicative action at some point in the future").

Here, Defendant has alleged no counterclaims and alludes to no other possible sources of plain legal prejudice. *See Staten Island Terminal, LLC v. Elberg*, No. 11-cv-3262, 2012 WL 1887126, at *3, 2012 U.S. Dist. LEXIS 72147, at *6 (E.D.N.Y. May 23, 2012) (finding no legal prejudice where the defendant "has not alleged any counterclaims or defenses that would be affected by dismissal of the action"). Since it is well established that concerns of duplicative litigation are not enough to amount to plain legal prejudice, the Court finds that the first line of authority weighs in favor of dismissal.

### 2. The *Zagano* Factors

The Court finds that the first factor, Plaintiff's diligence in bringing the motion to dismiss, weighs in favor of Plaintiff. The relevant inquiry is "whether a plaintiff moved to dismiss within a reasonable period of time after the occurrence of the event that led to plaintiff's decision not to pursue the action." *Marquez v. Hoffman*, No. 18-cv-7315, 2020 WL 729664, at *2, 2020 U.S. Dist. LEXIS 25415, at *5 (S.D.N.Y. Feb. 13, 2020) (citation omitted). Courts have also found in favor of voluntary dismissal when a plaintiff seeks dismissal "within a year after the action began." *Am. Fed'n of State, Cnty. & Mun. Emps. Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc. (AFSCME Dist. Council)*, No. 12-cv-2237, 2013 WL 2391713, at *2, 2013 U.S.

Dist. LEXIS 77667, at *7 (S.D.N.Y. June 3, 2013) (internal quotation marks omitted) (citation omitted). The Magistrate Judge denied Plaintiff's motion to attend mediation via videoconference on May 19, 2022, and Plaintiff filed the current motion to dismiss two weeks later on June 2, 2022. (Dkt. Nos. 18, 22). Further, Plaintiff initiated this action less than a year ago on January 20, 2022. (Dkt. No. 1). Given these short timelines, the Court concludes that the first factor weighs in favor of dismissal.

The second factor, undue vexatiousness on part of the plaintiff, also weighs in favor of dismissal. A plaintiff will be deemed vexatious when they bring a case "to harass the defendant" or have "ill motive." *Marquez*, 2020 WL 729664, at *3, 2020 U.S. Dist. LEXIS 25415, at *7 (internal quotation marks omitted) (citations omitted). Courts have found ill motive where:

> the plaintiff never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed . . . or where the plaintiff filed duplicative actions relating to the same injury; or where the plaintiff assured the court it would proceed with its claims but then go[es] back on their word and seeks dismissal.

*Paulio v. Taylor*, 320 F.R.D. 107, 110 (S.D.N.Y. 2017) (citing *Banco Cent. de Para. v. Para. Humanitarian Found., Inc.*, No. 01-cv-9649, 2006 WL 3456521, at *5, 2006 U.S. Dist. LEXIS 87093, at *13–14 (S.D.N.Y. Nov. 30, 2006)). Defendant has noted its concern that "based upon the pattern of the Plaintiff in initiating repeated filings . . . Plaintiff will immediately or very soon, thereafter, commence another action seeking the same or similar relief against the Defendant based upon the same, or similar allegations." (Dkt. No. 23, ¶ 11). The Court acknowledges the number of Plaintiff's previous filings in the Northern District, and elsewhere, and that this is the second action Plaintiff has filed against Defendant as the first was dismissed without prejudice for lack of standing. *Laufer I*, 2021 WL 2525153, at *1, 8–9, 2021 U.S. Dist. LEXIS 117554, at *2–3, 24–26. However, there is no evidence to suggest that this case was brought to harass Defendant. *See Reynolds v. OneWest Bank, FSB*, No. 5:11-cv-81, 2011 WL

6

5357503, at *3, 2011 U.S. Dist. LEXIS 128516, at *7–8 (D. Vt. Nov. 7, 2011) (finding no evidence of ill motive or intent to harass despite plaintiff filing four separate claims against the defendant based upon the same facts); *see also Shaw Fam. Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05-cv-3939, 2008 WL 4127549, at *7, 2008 U.S. Dist. LEXIS 67474, at *21 (S.D.N.Y. Sept. 2, 2008) ("[A]bsent concrete evidence of any ill-motive on Plaintiff's part, the Court declines to label Plaintiff's conduct 'vexatious.'"). The Court, again, reiterates its agreement with the Ninth Circuit's warning that "'courts must tread carefully before construing a Disability Act plaintiff's history of litigation against h[er],' as 'for the Disabilities Act to yield its promise of equal access for the disabled, it may be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with' the ADA." *Laufer I*, 2021 WL 2525153, at *8 n.16, 2021 U.S. Dist. LEXIS 117554, at *24–25 n.16 (alterations in original omitted) (quoting *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010)).

    The third and fourth factors, the extent to which the suit has progressed and the duplicative costs of relitigating, likewise weigh in favor of granting dismissal. "The extent to which a suit has progressed is considered by many courts in the Second Circuit to be of primary importance." *Marquez*, 2020 WL 729664, at *3, 2020 U.S. Dist. LEXIS 25415, at *8 (quoting *Shaw Fam. Archives, Ltd.*, 2008 WL 4127549, at *7, 2008 U.S. Dist. LEXIS 67474, at *22). The threshold for determining that a suit has progressed so far to weigh against dismissal is high, and is usually satisfied "only where substantial discovery, summary judgement motion practice, or trial preparations has occurred." *AFSCME Dist. Council*, 2013 WL 2391713, at *4, 2013 U.S. Dist. LEXIS 77667, at *10. The present action has not progressed to a point where dismissal would prejudice Defendant. There has been no substantial motion practice nor trial preparations,

7

and discovery has not been completed. Moreover, since this case is in its early stages, the risk of duplicative costs of litigation is low. *See A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 261 F.R.D. 29, 33 (S.D.N.Y. 2009) (alterations in original omitted) ("Even if plaintiff were to re-litigate the remaining claims in a future action, whatever work that defendants have done in [defending this suit] can easily be used in a subsequent, similar action.").

The final factor, the adequacy of the plaintiff's explanation for the need to dismiss, weighs in favor of Plaintiff. Plaintiff seeks dismissal because she has "determined that the cost of attending mediation in person would be cost prohibitive." (Dkt. No. 22-1, at 3). Courts have found that economic considerations constitute a reasonable explanation for seeking dismissal and, as such, Plaintiff has provided an adequate reason for dismissal. *See Omega Inst., Inc. v. Universal Sales Sys.*, No. 08-cv-6473, 2010 WL 475287, at *5, 2010 U.S. Dist. LEXIS 10296, at *15–16 (W.D.N.Y. Feb. 5, 2010) (granting voluntary motion to dismiss where "plaintiff . . . presently does not have the resources to continue litigating this matter").

Considering all the *Zagano* factors, the Court concludes that dismissal pursuant to Rule 41(a)(2) is warranted. Further as Rule 41(a)(2) "creates a presumption in favor of dismissal without prejudice by providing that '[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice,'" *AFSCME Dist. Council 37 Health & Sec. Plan v. Pfizer, Inc. (AFSCME II)*, No. 12-cv-2237, 2013 WL 3328219, at *2, 2013 U.S. Dist. LEXIS 93026, at *7 (S.D.N.Y. July 2, 2013) (quoting Fed. R. Civ. P. 41(a)(2)), and it is early in the litigation, Defendant's request for dismissal with prejudice is denied.

**B.  Attorney's Fees**

    **1.  Fees Awarded Under Rule 41(a)(2)**

"Courts have discretion to condition a dismissal without prejudice under Rule 41(a)(2) on payment of the defendant's attorney's fees and costs." *Spellman v. Takeda Dev. Ctr. Ams., Inc.*,

8

No. 19-cv-5608, 2021 WL 1224886, at *5, 2021 U.S. Dist. LEXIS 63630, at *13 (E.D.N.Y. Mar. 31, 2021) (citing *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)). "The purpose of such awards is generally to reimburse the defendant for the litigation cost incurred, in view of the risk (often certainty) . . . that the same suit will be refiled and will impose duplicative expenses upon [it]." *Colombrito*, 764 F.2d at 133. However, while permitted, cost or fee awards are not automatic, and "are to be awarded when justice so demands." *BD ex rel. Jean Doe v. DeBuono*, 193 F.R.D. 117, 125 (S.D.N.Y. 2000). Further, some courts require "a showing of bad faith or vexatious conduct on behalf of the plaintiff before granting fees." *Hinfin Realty Corp. v. Pittston Co.*, No. 00-cv-4285, 2014 WL 1653209, at *1, 2014 U.S. Dist. LEXIS 56661, at *2 (E.D.N.Y. Apr. 23, 2014). An award of fees must also "be limited to compensation for work that cannot be used in a second contemplated action, and the amount of fees must be supported by evidence in the record." *Element Works USA, LLC v. Shemia*, No. 2:19-cv-05268, 2022 WL 877795, at *2, 2022 U.S. Dist. LEXIS 65632, at *5 (S.D.N.Y. Mar. 3, 2022) (quoting *Ames v. Clifford*, No. 94-cv-6712, 1996 WL 563098, at *1, 1996 U.S. Dist. LEXIS 14565, at *2–3 (S.D.N.Y. Oct. 2, 1996)).

As explained above, there is no evidence before the Court showing bad faith or vexatiousness on Plaintiff's part. *See supra* Section III.A.2. Although this is the second action Plaintiff has filed against Defendant, there is nothing in the record to suggest that Plaintiff had ill-motives in bringing this action. Additionally, despite requesting an award of fees, Defendant has failed to provide any evidence detailing their calculation. Attorney's fees under Rule 41(a)(2) must also be limited to work that cannot be used in a second action. *Element Works*, 2022 WL 877795, at *2, 2022 U.S. Dist. LEXIS 65632, at *5. Defendant's concerns that Plaintiff will soon again file another suit seeking the "same or similar relief" based on the "same, or similar

allegations" suggests that any work completed in this action can be used again in the future. (Dkt, No. 23, ¶ 11). Accordingly, the Court declines to award attorney's fees or costs in this case.

### 2. Fees Awarded Under the Court's Inherent Power

The Court may also award attorney's fees to Defendant through its inherent power "where the party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000). To impose fees pursuant to its inherent power, a district court must find that: (1) "the challenged claim was without a colorable basis" and (2) "the claim was brought in bad faith, *i.e.*, motivated by improper purposes such as harassment or delay." *Int'l Techs. Mktg. v. Verint Sys.*, 991 F.3d 361, 368 (2d Cir. 2021) (quoting *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012)). A claim is "entirely without color when it lacks any legal or factual basis. Conversely, a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" *Enmon*, 675 F.3d at 143 (quoting *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 337 (2d Cir. 1999)). The second prong "may be inferred when an action is 'so completely without merit as to require the conclusion that [it] must have been undertaken for some improper purpose.'" *Int'l Techs. Mktg.*, 991 F.3d at 368 (citations omitted). "Both [a] finding of bad faith, and a finding that conduct is without color or for an improper purpose, must be supported by a high degree of specificity in the factual findings." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 283 (2d Cir. 2021) (quoting *Wolters Kluwer Fin. Servs. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009)).

Here, there is no evidence that Plaintiff has acted in bad faith, and Plaintiff's claims are not "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay," *Schlaifer Nance*, 194 F.3d at 336 (internal citations omitted). Further, other than documenting Plaintiff's prior action, Defendant has not

10

provided any specific facts supporting a finding of improper purpose or that Plaintiff's claim was without colorable basis. Mere conclusory allegations do not satisfy the exacting requirements of either prong, and the Court therefore declines Defendant's request for attorney's fees and cost.

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff Deborah Laufer's motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) (Dkt. No. 22) is **GRANTED,** and the Complaint (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED** that Defendant 7 Hills Hotel, LLC's requests to declare Plaintiff a vexatious litigant and for attorney's fees and costs is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules and close this case.

**IT IS SO ORDERED.**

Dated: November 7, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge